BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 WEST MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PROPERTY INVOLVED IN MONEY LAUNDERING AND DERIVED FROM OR TRACEABLE TO WIRE FRAUD, INCLUDING:<br><br>REAL PROPERTIES known as:<br>1) 413 E. 9th Ave., Post Falls, Idaho;<br>2) 519 E. Walnut, Osburn, Idaho;<br>3) 501 E. Walnut, Osburn, Idaho;<br>4) 211 N. Hill Street, Smelterville, Idaho;<br>5) 1253 E. Garden, Osburn, Idaho;<br>6) Parcel No.: 181300 (Lot 7) in Rivers Acreage, a platted subdivision in Mineral County, St. Regis, Montana; and<br>7) Parcel No.: 181400 (Lot 8) in Rivers Acreage, a platted subdivision in Mineral County, St. Regis, Montana;<br><br>                     Defendants. | Case No. 2:19-CV-00456-REB<br><br>**UNITED STATES' THIRD MOTION TO EXTEND STAY AND SEALING**<br><br>**FILED *EX PARTE* AND UNDER SEAL IN A SEALED CASE** |

**Introduction**

Plaintiff, United States of America, moves the Court to extend the stay of this currently sealed and stayed civil case until June 1, 2021.

Compelling reasons continue to support sealing this case. The criminal indictment sufficiently provides public notice of the essential facts and allegations. If, the Court wishes to consider unsealing, the United States requests only a limited unsealing.

**Civil case background**

As described in the complaint, supporting affidavit, and initial motion to seal (ECF Nos. 1 – 3), this case is an *in rem* civil forfeiture action against real properties that relate to proceeds of wire fraud and property involved in money laundering. (The "Defendant Properties.") This is a complex, financial investigation covering a number of years, a significant number of accounts and properties, and millions of dollars. (*See* ECF Nos. 1 and 3.) The seven Defendant Properties are owned by Trina Welch (the defendant in the criminal case) except one, which Welch acquired but later transferred.

On December 20, 2019, this Court found good cause to seal and stay this civil case for reasons including to protect the integrity of a criminal investigation and to not publicly reveal potential criminal allegations against uncharged persons. (ECF No. 4.) The Court's Order cited both *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) and 18 U.S.C. § 981(g)(1). (*Id.* at 2.) The Court also required the United States to either: file a motion to extend the stay for up to six additional months; or a notice that it would not move to extend. (*Id.* at 3.)

On January 29, 2020, the United States filed a motion to extend the stay and a supporting declaration. (ECF No. 5.)

On February 3, 2020, the Court issued a Docket Entry Order, ECF No. 6, granting in part the United States' Motion and extending the stay through July 1, 2020.

On August 7, 2020, the Court entered ECF No.9, a Docket Entry Order granting ECF No. 8, the United States' Second Motion to Extend Stay and Sealing. The Court stated, "[g]ood cause appearing, as described in the Motion, this case is stayed through November 2, 2020 or as otherwise ordered by the Court.

**Criminal case background**

On February 19, 2020, a federal grand jury for the District of Idaho charged criminal defendant Trina Welch for a wire fraud spanning 2013 through July 3, 2019. (Case 2:20-CR-00052-DCN, Crim. ECF No. 1.) The Indictment alleged that Welch embezzled from her employer, concealed the fraud by use of various business and personal accounts and false entries in software programs, wrote or caused at least 341 fraudulent checks, and misappropriated approximately $3.6 million from her employer. (*Id*.) The Indictment provided notice of potential criminal forfeiture of proceeds and seven real properties, which are the same Defendant Properties named in this civil forfeiture case. (*Id.* at 6-8.)

Criminal defendant, Trina Welch, hired counsel and a trial date of October 5, 2020 was, set, after one continuance. (Crim. ECF No. 13.)

The parties continued to engage in discovery. (*See* United States' Supplemental Discovery Responses, Crim. ECF Nos. 25, filed September 24, 2020.)

**UNITED STATES' THIRD MOTION TO EXTEND STAY AND SEALING - 3**

**Criminal case update**

Recently, Ms. Welch's attorneys withdrew from her representation and requested a continuance of the October 2020 trial date, and the Court ordered a new trial date of December 14, 2020. (*Sealed* Crim. ECF 19.) Ms. Welch is now represented by the Federal Defenders of Eastern Washington and Idaho. (Crim. ECF 22.)

AUSA Whelan, the primary AUSA on the criminal case, understands from Ms. Welch's new counsel, Ms. Rubin and Mr. Roberts, that they will move for an additional continuance of the trial date and that they do not expect trial on this complicated fraud case in December, 2020. For previous motions on this civil case, the United States communicated with the attorneys for Ms. Welch, Mark Ellingsen and Laura Aschenbrener, who did not object to prior extensions. AUSA Whelan informed Ms. Welch's new criminal attorneys that the United States intends to seek this extension, so that they may inform her. However, the United States does not expect Ms. Welch's publicly appointed criminal attorneys to represent her, or advocate for her, in this civil case. For this reason, and given the sealed nature of the case, the Motion is captioned *Ex Parte*.

**Actions taken against the Defendant Properties**

At this time, the United States filed *lis pendens* in the title record of the Defendant Properties but has not seized them nor moved to restrain their use.

**Basis for request to extend to June 1, 2021.**

The United States considers it reasonable to expect a new trial date in the Spring or Summer. In the event of a conviction, sentencing would likely take place in the Fall. Forfeiture issues germane to this civil case potentially would be resolved at sentencing. The United States respectfully requests that this civil case remain stayed until June 1, 2021, to provide the parties

**UNITED STATES' THIRD MOTION TO EXTEND STAY AND SEALING - 4**

time after the trial to consider the results and the effect on the civil case.  If the case resolves sooner, the United States will inform the Court.

**Applicable Law and Argument**

The Court "shall stay the civil forfeiture proceeding" if it "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  18 U.S.C. § 981(g)(1); *See United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011) (discussing that the Civil Asset Forfeiture Act of 2000 significantly broadened stay relief and removed the requirement of good cause and holding that "Section 981(g)(1) does not require a particularized showing of prejudice or specific harm" but rather courts "routinely issued Section 981(g)(1) stays on the basis of the Government allegations of *likely* prejudice to the criminal proceeding." (Emphasis in original.  Citations omitted.))  *See also* United States v. 2009 Dodge Challenger, 2011 WL 6000790 (D. Or. Nov. 30, 2011) (staying civil forfeiture case so as not to subject government to broader and earlier discovery than would occur in criminal proceeding).

The parties are engaged in discovery in the criminal case.  Civil discovery is likely to interfere in the criminal case and be either duplicative or unproductive.  It would involve the same documents and Welch likely would assert a Fifth Amendment right to remain silent against any effort to seek admissions or a deposition.  Given the complexities of the financial investigation and fraud, as described in previously-filed documents, civil discovery would adversely affect the United States' ability to conduct the continuing criminal investigation and prosecution, especially preparation for the criminal trial.  A criminal case of this nature will require the criminal AUSA and lead agent to spend significant time preparing exhibits,

**UNITED STATES' THIRD MOTION TO EXTEND STAY AND SEALING - 5**

interviewing witnesses, reviewing and summarizing financial information, all of which would be disadvantaged if the civil case became active.

The United States also respectfully requests that the Court continue to stay all service requirements of this civil case. The United States previously filed *lis pendens* on all of the Defendant Properties, providing initial notice. Welch is owner of record or had a personal or family interest in the Defendant Properties. (*See* ECF 1-2.) She and her attorneys are aware of the forfeiture potential and this civil case. (*See* ECF 5-1 at par. 4, and above.) For one Defendant Property, evidence indicates that Welch bought that property, but then transferred it (herein "the Transferred Property"). The United States had contact with the transferee of the Transferred Property and is considering that interest. Such third-party interests can be addressed in the criminal ancillary proceeding (*see* 21 U.S.C. § 853(n) (protecting generally prior interests and bona fide purchasers without knowledge of the crime), or in this civil case, or informally. Typically, the United States does not seize real property prior to judgment. (*See, e.g.,* 18 U.S.C. § 985.) Here, the United States will take no further action against this Transferred Property, until after a criminal or civil judgment, or without first notifying the Court. Posting the Defendant Properties with notice of potential forfeiture, per 18 U.S.C § 985(c)(1)(B), is unnecessary to notice the owners of record, and would draw undue attention to the Transferred Property and its owner who is not criminally charged. Any potential purchaser should be protected by the *lis pendens*, which would be discovered in a title search.

Despite these concerns supporting the stay of the civil case, there remain valid reasons for maintaining civil forfeiture as an option and staying the case, rather than dismissing it. Civil forfeiture allows the Government additional forfeiture options when resolving cases, for example, in a plea to a tax count, where forfeiture is not available as part of the sentencing

**UNITED STATES' THIRD MOTION TO EXTEND STAY AND SEALING - 6**

options. Civil forfeiture also allows a forfeiture of the full amount of proceeds when a defendant is unwilling to admit, or the government is unable to prove criminally, the full extent of a fraud scheme or other criminal enterprise. Civil forfeiture may continue when criminal forfeiture cannot, such as when a defendant flees or dies prior to criminal judgment. Given the complex and long-term nature of the charged fraud in this case, the United States would appreciate the Court's willingness to leave open all avenues of accountability for the defendant and recovery for the victim.

**Continued Sealing of this Civil Case.**

(For the Court's information, the United States raised the following points in its prior Motion, and the Court elected to keep the case fully sealed.)

The publicly filed indictment, diminishes, but does not extinguish, the grounds for sealing. The criminal indictment satisfies the need for public disclosure, as it describes the essential facts and allegations and lists the same Defendant Properties. Even if this Court decides that portions of this civil case should be unsealed, most of the previously-filed documents should remain sealed.

The Court could unseal the initial complaint and future pleadings. The Complaint, ECF No. 1, contains allegations similar to the indictment, except, the complaint includes a money laundering component, which is not in the indictment. (*Compare* ECF No. 1 *with* Crim. ECF No. 1.)

To the contrary, the affidavit supporting the complaint (ECF 1-2), and the prior motions, and affidavits, contain factual details, financial analysis, descriptions of a potential interview, and allegations not otherwise publicly charged. (ECF Nos. 1-2, 2, 3, and 5.) ECF No. 1-2, the affidavit in support of the complaint, is especially sensitive and contains significant financial

**UNITED STATES' THIRD MOTION TO EXTEND STAY AND SEALING - 7**

information, including copies of Welch's checks, and documentation of Welch's expenditures vs. income.  Even after the indictment, the information and investigative details in those pleadings still present compelling reasons supported by specific facts, which outweigh the general policy favoring disclosure.  *Kamakana*, 447 F.3d at 1179-80.  Additionally, non-disclosure is favored here because this is a non-dispositive motion and non-disclosure is supported by statute. *Id.*; 18 U.S.C. § 981(g)(1).  Sealing these documents protects the integrity of the investigation and avoids publicity of uncharged facts and strategies that might affect the fairness of the criminal trial.

In summary, the civil case either should remain entirely sealed, or, if the Court finds unsealing appropriate, the United States respectfully requests that the Court unseal only the complaint (but not the affidavit in support, ECF No. 1-2) and future pleadings, but not prior pleadings.

**Relief Sought**

The United States respectfully requests that the Court maintain the stay of this civil case until June 1, 2021, or until otherwise ordered by the Court and that the Court maintain the seal or unseal in only a limited manner.

DATED this 27th day of October, 2020.

                          BART M. DAVIS
                          UNITED STATES ATTORNEY
                          By:

                          /s/ Kevin T. Maloney
                          KEVIN T. MALONEY
                          Assistant United States Attorney