RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 WEST MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>PROPERTY INVOLVED IN MONEY LAUNDERING AND DERIVED FROM OR TRACEABLE TO WIRE FRAUD, INCLUDING:<br><br>REAL PROPERTIES known as:<br>1) 413 E. 9th Ave., Post Falls, Idaho;<br>2) 519 E. Walnut, Osburn, Idaho;<br>3) 501 E. Walnut, Osburn, Idaho;<br>4) 211 N. Hill Street, Smelterville, Idaho;<br>5) 1253 E. Garden, Osburn, Idaho;<br>6) Parcel No.: 181300 (Lot 7) in Rivers Acreage, a platted subdivision in Mineral County, St. Regis, Montana; and<br>7) Parcel No.: 181400 (Lot 8) in Rivers Acreage, a platted subdivision in Mineral County, St. Regis, Montana;<br><br>    Defendants. | Case No. 2:19-CV-00456-REB<br><br>**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING**<br><br>**FILED *EX PARTE* AND UNDER SEAL IN A SEALED CASE** |

**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING - 1**

**Introduction**

Plaintiff, United States of America, moves the Court to extend the stay and sealing of this currently sealed and stayed civil case until February 1, 2022. The related criminal indictment sufficiently provides notice of the essential facts and allegations.

**Civil case background**

As described in the complaint, supporting affidavit, and initial motion to seal (ECF Nos. 1 – 3), this case is an *in rem* civil forfeiture action against real properties that relate to proceeds of wire fraud and property involved in money laundering. (The "Defendant Properties.") This is a complex, financial investigation covering many years, a significant number of accounts and properties, and millions of dollars. (*See* ECF Nos. 1 and 3.) The seven Defendant Properties are owned by the criminal defendant, Ms. Welch, except one, which she acquired but transferred.

On December 20, 2019, this Court found good cause to seal and stay this civil case for reasons including to protect the integrity of a criminal investigation and to not publicly reveal potential criminal allegations against uncharged persons. (ECF No. 4.) The Court's Order cited both *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) and 18 U.S.C. § 981(g)(1). (*Id.* at 2.) The Court also required the United States to either: file a motion to extend the stay for up to six additional months; or a notice that it would not move to extend. (*Id.* at 3.)

On January 29, 2020, the United States filed a motion to extend the stay and a supporting declaration. (ECF No. 5.)

On February 3, 2020, the Court issued a Docket Entry Order, ECF No. 6, granting in part the United States' Motion and extending the stay through July 1, 2020.

**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING - 2**

On August 7, 2020, the Court entered ECF No.9, a Docket Entry Order granting ECF No. 8, the United States' Second Motion to Extend Stay and Sealing. The Court stated, "[g]ood cause appearing, as described in the Motion, this case is stayed through November 2, 2020 or as otherwise ordered by the Court.

On December 2, 2020, ECF No. 12, the Court issued a Docket Entry Order granting, ECF No. 12, the United States' Third Motion to Extend Stay and Sealing. The Court stated, "[g]ood cause appearing, as described in the Motion, this case is stayed through June 1, 2021 or as otherwise ordered by the Court."

On February 11, 2021 the Government filed a motion to dismiss of one of the Defendant properties: Parcel No.: 181300 (Lot 7) in Rivers Acreage, based upon consideration of additional evidence. (ECF No. 13.)

On April 26, 2021, the Court ordered dismissal of the Lot 7 property. (*See* ECF No. 14.)

**Criminal case update and notice to Ms. Welch's new criminal attorneys**

On February 19, 2020, a federal grand jury for the District of Idaho charged criminal defendant Trina Welch for a wire fraud spanning 2013 through July 3, 2019. (Case 2:20-CR-00052-DCN, Crim. ECF No. 1.) The Indictment alleged that Ms. Welch embezzled from her employer, concealed the fraud by use of various business and personal accounts and false entries in software programs, wrote or caused at least 341 fraudulent checks, and misappropriated approximately $3.6 million from her employer. (*Id*.) The Indictment provided notice of potential criminal forfeiture of proceeds and seven real properties, which are the same Defendant Properties named in this civil forfeiture case. (*Id.* at 6-8.)

Ms. Welch hired counsel and a trial date of October 5, 2020 was set, after one continuance. (Crim. ECF No. 13.)

**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING - 3**

Ms. Welch's initial attorneys withdrew from her representation and requested a continuance of the October 2020 trial date, and the Court ordered a new trial date of December 14, 2020. (*Sealed* Crim. ECF 19.) Ms. Welch is now represented by the Federal Defenders of Eastern Washington and Idaho. (Crim. ECF 22.)

AUSA Whelan, the primary criminal AUSA, continues to communicate with Ms. Welch's new counsel, Ms. Rubin and Mr. Roberts. They recently moved for a continuance of the criminal trial date, which is now set for November 1, 2021. (Crim ECF No. 29.)

AUSA Whelan informed Ms. Welch's new criminal attorneys that the United States intends to seek this extension in the civil case, so that they may inform Ms. Welch. Her criminal attorneys responded that they did inform her and she does not object. However, the United States does not necessarily expect Ms. Welch's publicly appointed criminal attorneys to represent her in this civil case. For this reason, and given the sealed nature of the case, the Motion is captioned *Ex Parte*.

**Basis for request to extend to February 1, 2022**

AUSA Whelan informed that undersigned that she and Ms. Welch's federal defenders plan to meet on the criminal case and continue to exchange information. Additionally, they are working through a backlog of cases delayed due to COVID. Generally, cases with in-custody defendants, and crimes of violence, are requiring precedence over fraud cases and out of custody defendants. With trial set November 1, 2021, in the event of a conviction, sentencing would likely take place in the winter or early Spring. Forfeiture issues germane to this civil case likely would be addressed at sentencing.

**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING - 4**

For these reasons, the United States respectfully requests that this civil case remain stayed until February 1, 2022, to provide the parties time after the trial to consider the results and the effect on the civil case. If the case resolves sooner, the United States will inform the Court.

**Applicable Law and Argument**

(For the Court's information this section of this pleading is identical to prior motions in this case.)

The Court "shall stay the civil forfeiture proceeding" if it "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1); *See United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011) (discussing that the Civil Asset Forfeiture Act of 2000 significantly broadened stay relief and removed the requirement of good cause and holding that "Section 981(g)(1) does not require a particularized showing of prejudice or specific harm" but rather courts "routinely issued Section 981(g)(1) stays on the basis of the Government allegations of *likely* prejudice to the criminal proceeding." (Emphasis in original. Citations omitted.)) *See also* United States v. 2009 Dodge Challenger, 2011 WL 6000790 (D. Or. Nov. 30, 2011) (staying civil forfeiture case so as not to subject government to broader and earlier discovery than would occur in criminal proceeding).

The parties are engaged in discovery in the criminal case. Civil discovery is likely to interfere in the criminal case and be either duplicative or unproductive. It would involve the same documents and Welch likely would assert a Fifth Amendment right to remain silent against any effort to seek admissions or a deposition. Given the complexities of the financial investigation and fraud, as described in previously filed documents, civil discovery would adversely affect the United States' ability to conduct the continuing criminal investigation and

**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING - 5**

prosecution, especially preparation for the criminal trial.  A criminal case of this nature will require the criminal AUSA and lead agent to spend significant time preparing exhibits, interviewing witnesses, reviewing and summarizing financial information, all of which would be disadvantaged if the civil case became active.

**Continued Staying while Maintaining Civil Options**

The United States also respectfully requests that the Court continue to stay all service requirements of this civil case.  The United States previously filed *lis pendens* on all of the Defendant Properties, providing initial notice.  Welch is owner of record or had a personal or family interest in the Defendant Properties.  (*See* ECF 1-2.)  She and her attorneys are aware of the forfeiture potential and this civil case.  (*See* ECF 5-1 at par. 4, and above.)

For one Defendant Property, as the United States described in prior motions, evidence indicates that Welch bought that property, but then transferred it (herein "the Transferred Property").  The United States had contact with the transferee of the Transferred Property, considered evidence provided by that person, and filed a motion to dismiss that defendant property from this civil case, which the Court granted.  (ECF Nos. 13 and 14.)

Typically, the United States does not seize real property prior to judgment.  (*See, e.g.,* 18 U.S.C. § 985.)  Posting the Defendant Properties with notice of potential forfeiture, per 18 U.S.C § 985(c)(1)(B), is unnecessary to notice the owners of record, and would draw undue attention to unresolved legal issues.

Here, the United States filed *lis pendens* in the title record of the Defendant Properties but has not seized them nor moved to restrain their use.  Any potential purchaser should be protected by the *lis pendens*, which would be discovered in a title search.

**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING - 6**

Despite these concerns supporting the stay of the civil case, there remain valid reasons for maintaining civil forfeiture as an option and staying the case, rather than dismissing it. Civil forfeiture allows the Government additional forfeiture options when resolving cases, for example, in a plea to a tax count, where forfeiture is not available as part of the sentencing options. Civil forfeiture also allows a forfeiture of the full amount of proceeds when a defendant is unwilling to admit, or the government is unable to prove criminally, the full extent of a fraud scheme or other criminal enterprise. Civil forfeiture may continue when criminal forfeiture cannot, such as when a defendant flees or dies prior to criminal judgment. Given the complex and long-term nature of the charged fraud in this case, the United States would appreciate the Court's willingness to leave open all avenues of accountability for the defendant and recovery for the victim.

**Continued Sealing of this Civil Case.**

(For the Court's information, the United States raised the following points in its prior motions, and the Court elected to keep the case fully sealed.)

The publicly filed indictment, diminishes, but does not extinguish, the grounds for sealing. The criminal indictment satisfies the need for public disclosure, as it describes the essential facts and allegations and lists the same Defendant Properties. Even if this Court decides that portions of this civil case should be unsealed, most of the previously-filed documents should remain sealed.

The Complaint, ECF No. 1, contains allegations similar to the indictment, except, the complaint includes a money laundering component, which is not in the indictment. (*Compare* ECF No. 1 *with* Crim. ECF No. 1.)

**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING - 7**


To the contrary, the affidavit supporting the complaint (ECF 1-2), and the prior motions, and affidavits, contain factual details, financial analysis, descriptions of a potential interview, and allegations not otherwise publicly charged. (ECF Nos. 1-2, 2, 3, and 5.)  ECF No. 1-2, the affidavit in support of the complaint, is especially sensitive and contains significant financial information, including copies of Welch's checks, and documentation of Welch's expenditures vs. income.  Even after the indictment, the information and investigative details in those pleadings still present compelling reasons supported by specific facts, which outweigh the general policy favoring disclosure.  *Kamakana*, 447 F.3d at 1179-80.  Additionally, non-disclosure is favored here because this is a non-dispositive motion and non-disclosure is supported by statute. *Id.*; 18 U.S.C. § 981(g)(1).  Sealing this case protects the integrity of the investigation and avoids publicity of uncharged facts and strategies that might affect the fairness of the criminal trial.

Based on these concerns and the Court's prior rulings, the United States requests that the Court maintain the seal of this this civil case.

**Relief Sought**

The United States respectfully requests that the Court maintain the stay of this civil case until February 1, 2022, or until otherwise ordered by the Court and that the Court maintain the seal of the entire case.

DATED this 5th day of May, 2021.

RAFAEL M. GONZALEZ JR.
ACTING UNITED STATES ATTORNEY
By:

/s/ Kevin T. Maloney
KEVIN T. MALONEY
Assistant United States Attorney

**UNITED STATES' FOURTH MOTION TO EXTEND STAY AND SEALING - 8**