UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>REAL PROPERTIES known as:<br>1)　　413 E. 9th Ave., Post Falls, Idaho;<br>2)　　519 E. Walnut, Osburn, Idaho;<br>3)　　501 E. Walnut, Osburn, Idaho;<br>4)　　211 N. Hill Street, Smelterville, Idaho;<br>5)　　1253 E. Garden, Osburn, Idaho; and<br>6)　　Parcel No.: 181400 (Lot 8) in Rivers Acreage, a platted subdivision in Mineral County, St. Regis, Montana,<br><br>　　　　Defendants. | Case No.: 2:19-CV-00456-REP<br><br>**ORDER CONTINUING THE STAY OF DISCOVERY** |

Pending before the Court is the United States' request to continue the stay of this civil *in rem* forfeiture action. Status Rpt. (Dkt. 34). For the reasons stated below, the Court will grant the motion.

### A. Background

This case is an *in rem* civil forfeiture action originally filed against seven[1] real properties allegedly connected to proceeds of wire fraud and property involved in money laundering. Compl. (Dkt. 1). The case relates to a pending criminal case, *United States v. Trina Marie Welch*, Case No. 2:20-CR-00052-DCN.

---

[1] The United States moved to voluntarily dismiss the action against one of the seven properties. Dkt. 13. The Court having granted that motion, the action has been narrowed to six properties. Dkt. 14.

**ORDER -** 1

The United States filed this civil case prior to the criminal indictment and has moved this Court to seal and stay the civil case since the initial civil complaint. Dkts. 2, 5, 8, 10, 15. The Court has granted this request in part and denied in in part. Specifically, on July 28, 2021, the Court unsealed the case and required the United States to complete service. 7/28/21 Order (Dkt. 20). The Court, however, granted the United States' request to stay all discovery in the case under 18 U.S.C. § 981(g)(1) "until after the criminal sentencing" in the related case. Dkts. 20 and 31. The United States now moves to extend that stay until October 5, 2022, to reflect the continuance of the criminal sentencing hearing from September 13, 2022, until September 16, 2022, and to account for the time needed for a judgment to be entered and the fourteen-day time limit for filing an appeal to expire. Status Rpt. (Dkt. 34).

The United States represents that it has informed or will inform those with interests in the subject properties of the request to continue the stay. *Id.* at 4. None of these individuals filed any objection to the original imposition of the stay pending the outcome of the sentencing proceedings. Nor have they opposed the current request for the continuance of the stay. The Court, therefore, will treat the United States' request as unopposed.

### B. Applicable Legal Standards

The Court "shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1); *See United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011) (discussing that the Civil Asset Forfeiture Act of 2000 significantly broadened stay relief and removed the requirement of good cause and holding that 981(g)(1) does not require a particularized showing of prejudice or specific harm and courts routinely issued stays); *see also*

**ORDER -** 2

*United States v. 2009 Dodge Challenger*, 2011 WL 6000790 (D. Or. Nov. 30, 2011) (staying civil forfeiture case so as not to subject government to broader and earlier discovery than would occur in criminal proceeding).

### C. Discussion

Having reviewed the status report and no opposition having been filed to the request for a continued stay, Court will grant the United States request to stay the case until October 5, 2022, to allow time for the sentencing hearing in *United States v. Trina Marie Welch*, Case No. 2:20-CR-00052-DCN, a judgment to enter in that case, and expiration of the deadline to appeal.

Based on the record currently presented, the Court finds that civil discovery will adversely affect the ability of the United States to conduct the criminal investigation and prosecution of a related criminal case and that the United States' motion satisfies the requirements of 18 U.S.C. § 981(g)(1). Specifically, civil discovery would subject witnesses to potentially broader discovery than the criminal case and interfere with preparation for the upcoming sentencing and forfeiture hearings in the criminal case.

**IT IS THEREFORE ORDERED THAT:**

1. The United States' request for a continued stay (Dkt. 34) is GRANTED.
2. The case will remain stayed, pursuant to 18 U.S.C. § 981(g)(1), until October 5, 2022, (the anticipated date by which the appeals period will have expired following entry of judgment in *United States v. Trina Marie Welch*, Case No. 2:20-CR-00052-DCN).

DATED: September 15, 2022

Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER -** 3